IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-20154-03-JWL |
| ) | |
| VICTORIA BENNETT, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's pro se request that her restitution obligation be deemed discharged and that a garnishment of her wages be terminated (Doc. # 336). For the reasons set forth below, the Court **denies** defendant's requests.

Defendant pleaded guilty to wire fraud and a conspiracy to commit fraud and money laundering, and her sentence included an order of restitution in the amount of $4,724,266.37 (interest waived, jointly and severally liable with her co-defendants), as reflected in the Court's judgment filed April 15, 2010. In January 2014, the Government applied for a writ of continuing garnishment against defendant, which application indicated a present balance on defendant's restitution obligation of $4,643,807.98. Defendant did not file any objection to the application, and on May 30, 2014, the Court issued an order requiring defendant's employer to garnish and pay to the Government

25 percent of defendant's bi-weekly net wages. On July 2, 2014, upon request of the Government (apparently after defendant complained to the Government about the amount of the garnishment), the Court amended the order of garnishment to lower the amount to $75.00 per pay period.

On November 17, 2014, defendant filed pro se a document entitled "Writ of Prohibition and/or Injunction for Writ of Continuing Garnishment." In that filing, defendant claimed that her restitution obligation had been discharged, and she requested termination of the garnishment of her wages, based on her having executed and sent to the Government a promissory note in the amount of $4,643,807.98. In its response, the Government argues that defendant has not discharged her restitution obligation because the Clerk of this Court refused to accept that promissory note as an acceptable form of payment owed under a restitution order. The Government did not cite any authority to support that argument, relying instead on a letter from this Court's Financial Manager.

The Court denies the relief requested by defendant. 18 U.S.C. § 3611 provides that restitution shall be paid as specified by the Director of the Administrative Office of the United States Courts. *See id.* The Director has adopted policies published in a Guide to Judiciary Policy, including the policy that "[g]enerally, a court will accept cash, a personal or cashier's check, money order, [intra-governmental payment], or credit or debit card" for funds paid to that court, although each court determines which forms of payment are acceptable. *See* Guide to Judiciary Policy, vol. 13, ch. 3, § 320.15; *see also United States v. Boal*, 534 F.3d 965, 969 (8th Cir. 2008) (acting under 18 U.S.C. § 3611,

the Director of the Administrative Office has adopted policies published in the Guide to Judiciary Policy).  This Court has determined that restitution payments may be made only in the forms listed in Section 320.15 of the Guide.   Indeed, a mere promise to pay which a promissory note constitutes is not the same as the actual payment which the methods approved by the Guide represent. Thus, a restitution payment may not be made to this Court in the form of a promissory note signed by a defendant.

Accordingly, the Court rules that defendant's restitution obligation has not been discharged and remains outstanding, and it denies defendant's request for termination of the Court-ordered garnishment of her wages.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's restitution obligation has not been discharged and remains outstanding, and the relief requested by defendant in Document # 336 is hereby **denied**.

IT IS SO ORDERED.

Dated this 5th day of February, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge